FILED
MAY 02 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

11 2906

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA KUCZYNSKI | Case Number |
| Plaintiff | CIVIL COMPLAINT |
| vs | |
| ALLIANCE ONE RECEIVABLES MANAGEMENT INC. | JURY TRIAL DEMANDED |
| & | |
| CAPITAL ONE BANK (USA), N.A | |
| & | |
| NORTHLAND GROUP, INC. | |
| Defendants | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Patricia Kuczynski, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Patricia Kuczynski, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA")

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Defendant, Alliance One, transact business in this District and maintains a primary office in the District.

## III. PARTIES

4.      Plaintiff, Patricia Kuczynski, is an adult natural person residing at 17141 Erwin Lane, Huntington Beach, CA 92647.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Alliance One Receivables Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of California with a principal place of business located at 4850 E. Street Road, Ste. 300, Feasterville Trevose, PA 19053-6643.

6.      Defendant, Capital One Services, LLC, at all times relevant hereto, is and was a limited liability company engaged in the business of providing financial services nationwide, as well as collecting and reporting on debt incurred by those services, including but not limited to, the Commonwealth of Pennsylvania and the state of Virginia with an address at 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110 and a principal place of business located at 1680 Capital One Dr., Mc Lean, VA 22102.

7.      Defendant, Northland Group, Inc., ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the

States of California and Minnesota with a principal place of business located at 7831 Glenroy Road, Suite 250, Edina, MN 55439.

8. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants, Alliance One Receivables Management, Inc. and Northland Group, Inc. are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

9. On or about May 26, 2010, along with assistance from her personal legal counsel, Plaintiff entered into a settlement agreement with Defendant, Alliance One, for a debt allegedly owed on an account with Defendant Capital One. **See "EXHIBIT A" (settlement letter) attached hereto.**

10. Plaintiff was offered and agreed to pay a settlement amount of $1,565.43 to Defendant, Alliance One.

11. Plaintiff's original balance said to be owed to Defendant, Alliance One was $3,478.74.

12. Plaintiff agreed to make above mentioned payment on or before May 28, 2010.

13. Defendant, Alliance One, stated that once the Plaintiff's funds were received and cleared the account would be marked as "settled in full with no further obligation".

14. On or about May 27, 2010, Plaintiff along with aid from her personal legal counsel over nighted the required payment to Defendant, Alliance One, as promised. **See "EXHIBIT B" (check) attached hereto.**

15. Defendant, Alliance One, accepted the payment and deposited on May 28, 2010.

16. Plaintiff believed that this account was settled in full as Defendant, Alliance One, had promised and heard nothing more on the account.

17. One or about January 15, 2011, Plaintiff received notice from Defendant, Northland Group, Inc., who were now collecting on the same account referenced above and owed to Defendant, Capital One.  **See "EXHIBIT C" (notice) attached hereto**.

18. Defendant, Northland's, correspondence fails to contain a thirty (30) day validation notice.

19. Defendant, Northland, states that they are collecting on a past due account owed to Defendant, Capital One, in the amount of $2,009.27 that was to be paid no later than February 5, 2011.

20. Defendant, Northland, offered Plaintiff yet another settlement amount on a debt that has already been satisfied.

21. To date, Plaintiff has not received any phone contact from Defendant, Northland, on this account.

22. Defendants, Alliance One and Capital One, were in Breach of their Contract when they failed to honor a settlement agreement that was promised and already in place with the Plaintiff.

23. Defendants, Alliance One and Capital One, appear to have terminated this agreement at no fault of the Plaintiff.

24. Plaintiff has never received their settlement payment back from Defendant, Alliance One.

25. Plaintiff has never heard anything from Defendants, Alliance One or Capital One, as to why the original settlement agreement has become null and void and why the account is being collected on again.

26. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

27. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

28. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

29. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

31. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage

to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I – FDCPA

33. The above paragraphs are hereby incorporated herein by reference.

34. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

35. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Alliance One Receivables Management, Inc. and Northland, Group, inc. for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## CIVIL CONSPIRACY

### Plaintiff v. Alliance One and Capital One

36. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 9 through 32, inclusive, of this complaint as though fully set forth herein.

37. Plaintiff is informed and believes and therein alleges that Defendants, and each of them, entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly violate the FDCPA.

38. The acts of the Defendants, and each of them, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

39. Defendants had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants financial gain.

40. Defendants at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

41. As a proximate result of the wrongful acts of the Defendants, and each of them, Plaintiffs have been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III

## BREACH OF CONTRACT

### Plaintiff v. Alliance One and Capital One

42. The above paragraphs are hereby incorporated herein by reference.

43. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants promised to Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

44 Plaintiff fulfilled his contractual obligation by making timely payments.

45. Defendants Pentagroup and Citi have failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Alliance One and Capital One, for the following:

a. Actual damages;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

        **Respectfully submitted,**

        **WARREN & VULLINGS, LLP**

**Date: April 18, 2011**        BY:  */s/ Bruce K. Warren BKW4066*
                                  Bruce K. Warren, Esquire

                                  */s/ Brent F. Vullings BFV8435*
                                  Brent F. Vullings, Esquire

                                  Warren & Vullings, LLP
                                  93 Old York Road
                                  Suite 333
                                  Jenkintown, PA 19046
                                  215-745-9800   Fax 215-745-7880
                                  Attorneys for Plaintiff

EXHIBIT "A"

Scanned: 06/19/2009 08:07:16
May 26 09 02:05p        Alliance One              6512552198        p.2

72734884

# AllianceOne
Receivables Management Inc.

# SCAN TO FILE

DATE: 05/26/09

VELLA, PATRICA A

HUNTINGTON BEACH        CA 92647

CLIENT:         CAPITAL ONE
REFERENCE #:    4388641762791817
ACCOUNT #:      GLO331
BALANCE:        $3478.74

Dear Patricia,

Pursuant to our conversation, our client will accept a settlement in full in the amount of $1565.43 on the above listed account(s). The following condition(s) must be met for this settlement to be considered valid: payment in the amount of $1565.43 received by 05/28/09.

Upon receipt and clearing of funds totaling $1565.43 on the remaining balance my client will close this account as "settlement in full" with no further obligation. If you have any questions or require additional information, please contact me at (866-204-3659) Your prompt attention in this matter is appreciated.

Sincerely,

Larrell Dotson
Sr. Account Representative
Alliance One Receivables Management Inc.

This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

1160 Centre Pointe Drive • Mendota Heights, MN 55120 • (800) 279-3480

6-1

EXHIBIT "B"

THIS DOCUMENT HAS A BLUE BACKGROUND ON THE FACE AND AN ARTIFICIAL WATERMARK ON THE BACK 106128

Persels & Associates, LLC
Client Funds Account
P.O. Box 729
Columbia MD 21045-0729

50-7063/2213

17922943 NEF

| | | Date | Net Amount USD |
|---|---|---|---|
| Pay Exactly | One Thousand Five Hundred Sixty Five and 43/100 Dollars | 05/27/2009 | **$1,565.43 |
| Pay Exactly | One Thousand Five Hundred Sixty Five and 43/100 Dollars | 05/27/2009 | **$1,565.43 |

Void After 90 Days

To The Order Of
Alliance One Receivables Management Inc.
4850 Street Rd Suite 300
Trevose PA 19053

Authorized Signature

M&T Bank
Baltimore, MD

Alex Kuczynski
4388641762791817

⑆000106128⑆ ⑈221370632⑈ 6100000014918 9⑆ ⑆000156543⑆

FOR DEPOSIT ONLY - ALLIANCEONE INC
ACCOUNT # [illegible]
[illegible]

ENDORSE CHECK HERE

EXHIBIT "C"



### Northland Group Inc.

866-699-2647 ext 3572
NGI@northlandgroup.com
Hours of Operation: M-Th 7-9, F 7-7, Sat 8-2 CT
www.payments2northland.com

January 15, 2011

Patricia A Vella  (F54483606-01/15x32)
17141 Erwin Ln
Huntington Beach, CA 92647-5504

P.O. Box 390846
Minneapolis, MN 55439
Mail Code CPO1

**ACCOUNT INFORMATION**
Client: Capital One Bank (USA), N.A.
Original Account #: ##############1817
**PAYMENT ADDRESS**
P.O. Box 390846, Minneapolis, MN 55439
**NORTHLAND ACCOUNT NUMBER**
F54483606
**CURRENT BALANCE DUE:**
$2,009.27
**Settlement Offer: $1,105.08**

## Your Past Due Account Balance $2,009.27
### Your Settlement Offer $1,105.08

In view of the tax season, our client, Capital One Bank (USA), N.A., will allow you to settle your account for $1,105.08 in 2 payments starting on 02/05/11. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Once the two payments have been paid to our office on time, we will consider this account satisfied and closed, and a settlement letter will be sent. Please send in the payments along with a payment stub to the address below.

**ACH DISCLOSURE:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. **When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.**
This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.
**This collection agency is licensed by the Minnesota Department of Commerce.**



**Pay Online:** www.payments2northland.com

**Pay by Phone:** Please call Northland Group, Inc. toll-free at 866-699-2647 ext 3572. We offer check by phone, Western Union and Money Gram.

**Pay by Mail:** Send payments to PO Box 390846, Minneapolis, MN 55439.

M32-32 P6067/0117_1

**1 of 2**
Northland Account #: F54483606
Client Code: CAP1
Original Account #: ##############1817
Mail Payment to:
  Northland Group, Inc.
  P.O. Box 390846
  Minneapolis, MN 55439
Or pay online at:
payments2northland.com
**PAYMENT AMOUNT: $552.54**
Due Date: 02/05/11

Detach coupon and mail with payment

**2 of 2**
Northland Account #: F54483606
Client Code: CAP1
Original Account #: ##############1817
Mail Payment to:
  Northland Group, Inc.
  P.O. Box 390846
  Minneapolis, MN 55439
Or pay online at:
payments2northland.com
**PAYMENT AMOUNT: $552.54**
Due Date: 30 days from 1st payment

Detach coupon and mail with payment